# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALEXANDER OCASIO, | ) | |
| Plaintiff, | ) | 3:09-cv-00179-LRH-VPC |
| vs. | ) | |
| | ) | ORDER |
| ANN E. ZIMMERMAN, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff, an inmate at Ely State Prison, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Docket #1-2).

**Screening Standard Pursuant to 28 U.S.C. § 1915A**

The court must screen plaintiff's complaint pursuant to 28 U.S.C. §1915A.  Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins,*

487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**Screening of Complaint**

This court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. §1915A. Plaintiff brings this action against the following individuals: Judge Ann E. Zimmerman of the Las Vegas Justice Court, and Small Claims Clerk Sharon Powers.

Judges are absolutely immune from damages actions for judicial acts taken within the

1 jurisdiction of their courts.  *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976).  Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.  Mullis v. United States Bankruptcy Court, 828 F.2d 1385 (9th Cir. 1987); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979), *cert. denied*, 445 U.S. 962 (1980).

In this case, plaintiff alleges various civil rights violations by defendants Zimmerman and Powers in the processing of his action in Las Vegas Justice Court.  The court finds that both defendants are immune from plaintiff's action for damages against them in connection with this action.  The court further finds that to the extent that plaintiff wishes to challenge the outcome of his action in small claims court, he must do so through the appellate process within the Nevada state court system.  Finally, the court notes that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus.  *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995).   Plaintiff therefore does not have a Constitutional right to litigate in small claims court, and his claim based on denial of access to that court is without a legal basis.

**IT IS THEREFORE ORDERED** that the clerk is directed to file the complaint (Docket #1-2).

**IT IS FURTHER ORDERED** that defendants Zimmerman and Powers are **DISMISSED** from this action with prejudice based on judicial and quasi-judicial immunity.

**IT IS FURTHER ORDERED** that this entire action is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.  The clerk is directed to enter judgment accordingly and to close this case.

Dated this 23rd day of June, 2009.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE