UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDER OCASIO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANN E. ZIMMERMAN, *et al.*,<br><br>　　　　Defendants. | 3:09-cv-00179-LRH-VPC<br><br>ORDER |

　　　Plaintiff, an inmate at Ely State Prison, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 5, 2009, the court entered an order and judgment dismissing this action with prejudice (Docket #3, #4). Pending before the court is plaintiff's motion for relief from judgment pursuant to Rule 60(b). (Docket #7).

　　　Plaintiff brought this action against two individuals: Judge Ann E. Zimmerman of the Las Vegas Justice Court, and Small Claims Clerk Sharon Powers. Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976). Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. Mullis v. United States Bankruptcy Court, 828 F.2d 1385 (9th Cir. 1987); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979), *cert. denied*, 445 U.S. 962 (1980). In the order dismissing this action with prejudice, the court explained as follows:

> 　　　In this case, plaintiff alleges various civil rights violations by defendants Zimmerman and Powers in the processing of his action in Las Vegas Justice Court. The court finds that both defendants are immune from plaintiff's action for damages against them

in connection with this action. The court further finds that to the extent that plaintiff wishes to challenge the outcome of his action in small claims court, he must do so through the appellate process within the Nevada state court system. Finally, the court notes that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus. *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995). Plaintiff therefore does not have a Constitutional right to litigate in small claims court, and his claim based on denial of access to that court is without a legal basis.

In his motion for relief from judgment, plaintiff argues that defendants' alleged constitutional violations are so egregious that they are outside the scope of any judicial or quasi-judicial function. The court finds no merit to plaintiff's argument. The actions of which plaintiff complains are judicial or quasi-judicial in nature, taken in the scope of defendants' official capacities. Accordingly, the court finds no basis for relief from judgment.

**IT IS THEREFORE ORDERED** that plaintiff's motion for relief from judgment is **DENIED** (Docket #7).

Dated this 13th day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE